Ruffin, J.
 

 If the defendant’s marriage had taken place a year or so later, her defense would have been more available, as the act of 1855, Rev. Code, ch. 68, sec. 10 and 11, corrects the unfortunate provision of the act of 1820, respecting the conviction of the husband, and enacts directly, that, by such a marriage as this, the husband shall get no interest in any effects of his wife, but they shall vest in trustees for her separate use; but under the law, as it stood at the time of the defendant’s marriage, her property in possession, vested in the husband, and could only be divested bjr conviction for the misdemeanor, as provided in statutes of 1820 and 1836. The
 
 *111
 
 forfeiture of the property did not arise from the offense simply, but from that, and a conviction following, within due time ;
 
 Shutt
 
 v.
 
 Carloss,
 
 1 Ire. Eq. 233.
 

 Per CubiaM, Judgment affirmed.